IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| HCC INSURANCE HOLDINGS, INC., | |
|---|---|
| Plaintiff, | 8:21CV147 |
| vs. | |
| CHRISTOPHER A DAY, | ORDER |
| Defendant. | |

HCC Insurance Holdings, Inc. ("HCC") has requested enforcement of two Fed. R. Civ. P. 45 subpoenas served in this district upon Applied Specialty Underwriters, LLC ("Applied"). (See Filing No. 1) (motion to compel).

Being fully advised, the court orders as follows.

BACKGROUND

On February 11, 2021, HCC served a subpoena on Applied, issued by the United States District Court for the Southern District of Texas, ("the First Subpoena"). In response, on March 5, 2021, Applied produced certain documents; however, Applied also generally objected to the First Subpoena to the extent it sought information or documents subject to the attorney-client privilege and/or work product doctrine. (Filing No. 2 at CM/ECF 3). It did not produce a privilege log. On March 3, 2021, HCC served a second subpoena on Applied, also issued by the Southern District of Texas, requesting additional documents, ("the Second Subpoena"). In response, on March 23, 2021, Applied produced no documents and asserted that all responsive documents in its possession are protected from disclosure by the (1) attorney-client privilege; (2) work product doctrine; and/or (3)

1

"common interest" privilege. ([Filing No. 2 at CM/ECF p. 4](#)).

HCC claims that when it reviewed Applied's responses to the subpoenas, it could not discern the exact nature of Applied's objections. In response to the First Subpoena, HCC claims that it asked Applied to "(1) confirm whether it was withholding any responsive documents as privileged or work product, and if so, (2) produce a full and complete privilege log as required by the Federal Rules of Civil Procedure." ([Filing No. 2 at CM/ECF p. 5](#)). HCC claims that Applied failed to comply with, or even respond to, that request. ([Filing No. 2 at CM/ECF p. 5](#)). In response to the Second Subpoena, Applied confirmed that it was in possession of responsive documents but that each responsive document was privileged. For each request in the Second Subpoena, Applied provided the following explanation for its privilege assertion:

> The documents subpoenaed include letters and electronic communications and other documents reflecting communications between attorneys and clients. All documents responsive to this subpoena in the possession of [Applied] are attorney client privileged or protected by the attorney work product doctrine. Based upon the objections and reasons set forth above, [Applied] will not provide any documents in response to this request.

([Filing No. 3-2 at CM/ECF p. 136-140](#)). HCC claims it asked Applied to produce a privilege log more specifically reflecting its assertion of blanket privilege as to the Second Subpoena. HCC represents to the court that Applied did not provide a log and failed to respond to any attempt by HCC to obtain additional information related to the asserted objections. ([Filing No. 2 at CM/ECF p. 6](#)).

As a result of the parties' failure to come to an amicable agreement on the privilege issues, HCC filed this action to enforce both subpoenas.[1] In its motion, HCC requests an order requiring Applied to: "(1) produce all documents responsive to the Subpoenas; and (2) provide additional information regarding the documents it is withholding as allegedly protected from disclosure by the (1) attorney-client privilege; (2) work product doctrine; and (3) 'common interest' privilege.'" ([Filing No. 1 at CM/ECF p. 3](#)).

## DISCUSSION

In this district, all civil litigants are directed to review and govern their conduct in accordance with the District of Nebraska's Magistrate Judge Civil Case Management Practices. (Attachment 1). That guidance includes a detailed procedure for resolution of all discovery disputes related to contested assertions of privilege.

The standard practices do not require a withholding party to immediately produce a privilege log when asserting attorney-client privilege or work product protect. (Attachment 1 at CM/ECF p. 4). Instead, the parties are directed to engage in good faith discussion within thirty (30) days of the contested privilege objection to determine whether and to what extent a privilege log is necessary. (Attachment 1 at CM/ECF p. 4). The court directs the parties to discuss:

i. the time frame of any documents which must be listed (e.g., documents created pre- and post-litigation, a 5-year limit, etc);

ii. whether documents created by certain authors/recipients (e.g., litigation counsel, claims agents, in-house counsel, etc.), or certain categories of documents (e.g., insurance claim files, third-party

---

[1] Both subpoenas were served upon Applied within this district; therefore, this is the correct jurisdiction for resolution of the compliance issues. Fed. R. Civ. P. 45(d)(2)(B)(i).

          statements obtained by accident investigators, etc), are presumptively confidential communications;

   iii.    whether the privilege log can list some or all of the withheld documents by category rather than individually; and

   iv.    whether entry of a protective order, claw-back agreement, or Rule 502(d) order will advance the goals outlined in Rule 1 of the Federal Rules of Civil Procedure by eliminating or curtailing the need to create a privilege log and file discovery motions.

(Attachment 1 at CM/ECF p. 4). If, after the above-described meet and confer, the parties still cannot agree on the privilege issues, the parties must participate in a telephonic discovery dispute with the assigned magistrate judge prior to formal motion practice. And finally, if the parties and the court cannot resolve the dispute during the discovery conference, the court will require the withholding party to produce a privilege log that meets court-mandated specificity requirements. (Attachment 1 at CM/ECF p. 5). Any dispute that remains after the production and review of the privilege log can then be evaluated by the magistrate judge *in camera*. (Attachment 1 at CM/ECF p. 5).

     Here, we are in an unusual posture. None of the foregoing means of dispute resolution were ordered or have occurred. The parties are appearing in this district for the narrow purpose of enforcing two subpoenas. The substantive dispute for which the documents are being sought is pending in another federal district, which presumably has its own set of case management requirements.

     The court will therefore decline to require strict compliance with the above process. The parties need not conduct a meet and confer or conference with the court in this case. The purpose of those requirements is to resolve the issue without the need for formal motion practice. Here, the motion is pending, and the parties have dedicated significant time to fully briefing the dispute for the court. However,

notwithstanding the court's decision to forego the informal dispute resolution process, the court will tailor its relief in this case in accordance with its typical practices in these matters and will now require Applied to produce a privilege log for both subpoenas.

Applied shall <u>for each document</u>, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including:

- a) the general nature of the document;
- b) the identity and position of its author;
- c) the date it was written;
- d) the identity and position of its addressee;
- e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them;
- f) the document's present location and the identity and position of its custodian; and
- g) the specific reason or reasons why it has been withheld from production or disclosure.

(Id at CM/ECF p. 5) (emphasis added). Applied must "provide enough information [t]o apprise [HCC] of whether the documents listed are protected by the attorney-client privilege under the Eighth Circuit's five-part standard, (Diversified Indus., Inc., 572 F.2d at 609), or were prepared or obtained because of the prospect of litigation," (Simon, 816 F.2d at 401)." Tracy v. Telemetrix, Inc., 2015 WL 4402465, at *3 (D. Neb. July 17, 2015).

The court is cognizant that many of Applied's privilege assertions are potentially valid. A facial review of the subpoena clearly indicates that attorney

communications are the predominant target. However, not all communications that include an attorney-participant are privileged.[2] Indeed, HCC's theory in the underlying litigation is, in part, that underlying-defendant Christopher A. Day, with the help of subpoena-target Applied, attempted to cloak improper employee solicitation by conveying those solicitations within attorney-emails (over which privilege might then be asserted as a shield to production). The court will not weigh in on the merits of that theory. However, given HCC's position, Applied needs to endeavor to more fully explain the basis for its privilege assertions.

After Applied produces, and HCC reviews, the anticipated privilege logs, HCC will be afforded an opportunity to move the court to compel any documents it continues to believe are nonprivileged. The court

> understands that the line between insufficiently describing a document and providing such a detailed description that the confidentiality is lost can be somewhat gray. For this reason, and others, the court expects attorneys to discuss privilege log entries in good faith before filing motions to compel and/or requesting an *in camera* review.

Tracy, 2015 WL 4402465, at *3. If the dispute between HCC and Applied cannot be resolved after production and discussion of Applied's privilege logs, the court will then conduct an *in camera* review of the remaining disputed documents and make a final determination as to their privilege status.

Accordingly,

---

[2] For example, the privilege does not attach to communications that do not contain confidential information and reveal only the relationship between the parties, the reason a law firm was hired, and the steps which the law firm intends to take in discharging its obligation to the client. Tracy, 8:12CV359, 2015 WL 4402465, at *3 (quoting Diversified Industries, Inc., 572 F.2d at 603 (en banc). And documents that do not disclose the substance of the attorney-client communications, but merely indicate that discussions occurred, legal services were rendered, and documents were provided to the client are not protected by attorney-client privilege. Burke v. Messerli & Kramer, P.A., 2010 WL 2520615, at *3 (D. Minn. June 15, 2010).

IT IS ORDERED:

1) HCC's motion to compel (Filing No. 1) is granted, in part, and Applied will be required to produce a privilege log for both the First and Second Subpoenas.

2) HCC's motion to file its sur-surreply (Filing No. 28) is granted. The sur-surreply brief attached to HCC's motion is deemed filed *instanter*. Applied's objection (Filing No. 30) to HCC's motion to file a sur-reply is likewise overruled.

3) The deadline for Applied to provide its privilege log to HCC is June 24, 2021.

4) Within fourteen (14) days of receipt of Applied's privilege log, HCC shall file any motion to compel production of additional documents responsive to either Subpoena.

5) The Clerk shall terminate the motion at Filing No. 1 but shall leave the docket open for additional consideration, as necessary.

6) The Clerk shall additionally set an internal case management deadline for July 8, 2021 to review the file and determine whether this case can be closed.

Dated this 25th day of May, 2021.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge